IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:25CR0346 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | |
| JOSEPH SCLIMENTI, | ) | UNITED STATES OF AMERICA'S |
| | ) | SENTENCING MEMORANDUM |
| Defendant. | ) | |

Now comes the United States of America, by and through its counsel, David M. Toepfer, United States Attorney, and Joseph P. Dangelo, Assistant United States Attorney, and respectfully submits the following sentencing memorandum setting forth the United States of America's position regarding the sentencing for Defendant Joseph Sclimenti.

Based on all of the facts and circumstances of this case and the Defendant's criminal history, the United States recommends a sentence of 96 months in the Bureau of Prisons.

## I.      FACTUAL BACKGROUND

The United States believes that the facts underlying this matter are set forth adequately in the final Presentence Investigation Report ("PSR").  The United States highlights the facts below as especially relevant to sentencing in this matter.

On January 22, 2025, the Defendant sold a Romarm, model CAI, 7.62x39 mm rifle, and two Smith and Wesson pistols to an undercover officer for the Bureau of Alcohol, Tobacco, and Firearms at his residence in Cleveland, Ohio.  (PSR, PageID 4).

On February 13, 2025, the Defendant sold a Palmetto, AR style rifle, magazines, and ammunition to the same undercover officer at an apartment complex in Lorain, Ohio.  (*Id.*).

On March 26, 2025, the Defendant sold a Diamondback firearm, AR style rifle, ammunition, and marijuana to the undercover officer for ATF in Lorain, Ohio. (*Id*., PageID 5).

On April 15, 2025, law enforcement executed a search warrant on the Defendant's residence in Lorain, Ohio and located a Glock, .40 caliber pistol, ammunition, a cellphone, a firearm box, a magazine, scales, and marijuana. (*Id*., PageID 6).

The Defendant has several convictions which prohibit him from possessing firearms. (*Id*., PageID 12-13).

## II. PROCEDURAL BACKGROUND AND OFFENSE LEVEL COMPUTATION

On July 9, 2025, the Defendant was indicted in the case at hand with four counts of being a Felon in Possession of Firearm, a violation of 18 § 922(g) and one count of Trafficking in Firearms, in violation of 18 § 933(a)(1). (*Id*., PageID 3). On November 25, 2025, the Defendant entered a plea of guilty. (*Id*.).

The Plea Agreement and the Presentence Investigation Report both calculated the Defendant's total offense level to be a level 26 after acceptance of responsibility. (*Id*., PageID 3 and 9).

The Defendant's criminal history was calculated to be a category IV. (*Id*., PageID 20). The Defendant has several convictions including but not limited to Assault, a misdemeanor of the first degree, Menacing, a misdemeanor of the fourth degree, Burglary, a felony of the fourth degree, Trafficking in Drugs, a felony of the fourth degree, Disrupting Public Service, a felony of the fourth degree, and Domestic Violence, a misdemeanor of the first degree. (*Id*., PageID 10-13).

The PSR calculates the Defendant's guideline range to be 92 to 115 months. (*Id*., PageID 20).

### III.    ARGUMENT

The United States advocates for a sentence of 96 months in the Bureau of Prisons based on the Defendant's conduct in this case and his criminal history.

Title 18, United States Code sections 3553(a) states that the Court should "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing. The Court is required to evaluate "the nature and circumstances of the offense and the history and characteristics of the defendant."  In addition, 18 U.S.C. § 3553(a)(2) indicates the Court should evaluate the "need for the sentence imposed" to:

(A) reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) afford adequate deterrence to criminal conduct;

(C) protect the public from further crimes of the defendant; and

18 U.S.C. § 3553(a)(2).

The Defendant's conduct in possessing and trafficking firearms is extremely dangerous and contributes the scourge of gun violence in our community.  The Defendant is not permitted to possess firearms due to his lengthy and violent criminal history let alone sell the firearms for profit.

The Defendant was profiting from his trafficking of the firearms and likely not selling firearms to individuals who were permitted to possess them.  The Defendant was a purveyor of firearms on the black underground market which as the court is aware contributes to violent criminal firearms offenses in our community.

The Defendant's prior convictions which prohibit him from possessing firearms are violent in nature.

Finally, it is apparent that the Defendant was well aware that his actions are illegal and severe.  The undercover office told the Defendant that he takes the firearms to New Jersey and the Defendant stated, "that's where the money is at, where they can't get guns."  In addition, Defendant mentioned obtaining Glock switches.  (Id., PageID 4).

During the final controlled purchase on March 26, 2025, the Defendant stated "for real bro, that's a federal offenses, that's not just like you got a little bit of weed crossing the stateliness, you got weed and guns, that's firearms trafficking through state lines that's firearms trafficking bro." (*Id*., PageID 5).  These statements and more illustrate that the Defendant was well aware of the criminal offenses he was committing and their severity.

In order to adequately punish the Defendant and deter his future conduct, a severe sanction is warranted.

### IV.     CONCLUSION

In light of the aforementioned § 3553(a) factors as well as all of the information before this Court, the United States recommends the Defendant receive 96 months in the Bureau of Prisons.

**Respectfully submitted,**

**DAVID M. TOEPFER**
**United States Attorney**

 /s/ Joseph P. Dangelo
**Joseph P. Dangelo (OH: 0079898)**
Assistant United States Attorney
Federal Building
Two South Main Street, Room 208
Akron, OH 44308
(330) 761-0530
(330) 375-5492 (facsimile)
Joseph.Dangelo@usdoj.gov